**E-FILED**
Friday, 07 June, 2013  02:03:02 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| MID-CENTRAL OPERATING ENGINEERS HEALTH & WELFARE FUND, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.   13-cv-1140 |
| v. | ) ) | |
| HALTZ CONSTRUCTION, INC., | ) ) | |
| Defendant. | ) ) ) | |

## O R D E R   &   O P I N I O N

This matter is before the Court on Plaintiff's Motion for Default Judgment. (Doc. 4). Responses to this Motion were due on June 3, 2013; none were filed. For the reasons stated below, the Court defers ruling on Plaintiff's Motion for Default Judgment.

### BACKGROUND[1]

Plaintiff, Mid-Central Operating Engineers Health & Welfare Fund, entered into an agreement authorizing it to act as a collection agent on behalf of Central Pension Fund of the International Union of Operating Engineers and Participating Employers, an employee pension benefit plan under the Employee Retirement

---

[1] Unless otherwise noted, this background information is drawn from Plaintiff's Complaint. (Doc. 1).  Upon a defendant's default in federal court, the well-pleaded facts relating to liability in a Complaint are taken as true. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.* 722 F.2d 1319, 1323 (7th Cir. 1983); *see also* Fed. R. Civ. Pro. 8(b)(6).  Default was entered in this matter on May 17, 2013. Therefore, the allegations of the Complaint are deemed to be true.

Income Security Act of 1974 ("ERISA").  (Doc. 1 at 2).  Defendant, Haltz Construction, Inc. and International Union of Operating Engineers Local 841 ("Local 841") entered into a collective bargaining agreement that obligated Defendant to make contributions to Plaintiff's Fund under an "Agreement and Declaration of Trust." (Doc. 1 at 1-2).  Under the relevant portion of this agreement, Defendant was required to do the following: 1) submit a monthly report to Plaintiff stating the names, social security numbers, and total hours worked for every person on whose behalf contributions were required; 2) remit with the report contribution payments based on the hourly rate stated in the collective bargaining agreement; 3) compensate Plaintiff with liquidated damages of fifteen percent for any contributions which were not timely received by Plaintiff for each month contributions were due, with an interest rate of nine percent per year from the date the contribution was due until the date paid; 4) pay any costs incurred by Plaintiff in auditing Defendant's records if Defendant was delinquent in reporting or submitting contributions; and 5) pay reasonable attorney's fees and costs if Plaintiff commenced an action to recover auditing records or delinquent contributions.  (Doc. 1 at 3).

On March 25, 2013, Plaintiff filed a Complaint pursuant to 29 U.S.C. § 1132(e)(1) & (2), 29 U.S.C. § 185(a), and 28 U.S.C. § 1331, claiming that Defendant violated ERISA, specifically 29 U.S.C. § 1145.  (Doc. 1 at 1).  Plaintiff charged that Defendant breached its obligations to the Fund because it failed to submit reports and/or to make all contribution payments to Plaintiff, and because Defendant made untimely payments for those contribution payments that were

made.  (Doc. 1 at 3).  Plaintiff alleges that Defendant admitted liability for these past due amounts and issued payment to Plaintiff, but that the payment was returned due to insufficient funds.  (Doc. 1 at 4).  Defendant was personally served with the Summons and Complaint on April 3, 2013, (Doc. 3), but it never answered the Complaint or otherwise appeared in this action.  Thus, on May 17, 2013, the Court granted Plaintiff's Motion for Entry of Default against Defendant.  Defendant has still not appeared in this action.  Accordingly, Plaintiff now seeks to have this Court enter a judgment of default against Defendant.

## LEGAL STANDARD

Default judgment establishes, "as a matter of law, that defendants are liable to plaintiff on each cause of action." *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). While liability may be established from the well-pleaded facts of the Complaint, "[a] judgment by default may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.2d at 1323.  These damages must be ascertained "with reasonable certainty."  *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

## DISCUSSION

Under ERISA, "every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such

agreement." 29 U.S.C. § 1145. Plaintiffs are entitled to bring a civil action to enforce this provision under 29 U.S.C. § 1132. Defendant has failed to timely submit its monthly contribution reports and to timely make its contributions to the Fund in accordance with the terms of the Agreement and Declaration of Trust it entered into with Local 841. Accordingly, Defendant is liable to Plaintiff under 29 U.S.C. § 1145.

When a court finds in favor of a plan under 29 U.S.C. §1145, it shall award the plan unpaid contributions, interest on the unpaid contributions, the greater of either interest on the unpaid contributions or liquidated damages provided for by the plan, reasonable attorney's fees and costs, and any other legal or equitable relief it deems just. 29 U.S.C. § 1132(g)(2). Before awarding a default judgment that includes money damages, however, a court must be satisfied that the moving party has proven its damages. *e360 Insight,* 500 F.3d at 602.

Here, Plaintiff alleges in its Complaint that Defendant owes past due contributions in the amount of $1,687.35, liquidated damages on unpaid contributions in the amount of $201.60, interest of unpaid contributions in the amount of $48.11 through date of payment with nine percent annual interest, bank charges in the amount of $68.00 related to the returned check for insufficient funds, and reasonably attorney's fees and costs in the amount of $1,480.00. (Doc. 1 at 4-5). Plaintiff has submitted to the Court an Affidavit prepared by its attorney stating the amount of attorney's fees and costs, (Doc. 4-1), and because Plaintiff is entitled to these fees and costs, judgment will be entered against Defendant for such amount. Plaintiff has failed its burden to prove any of its other damages, however,

as it has not provided any documentary evidence or affidavits to support any amounts other than the affidavit for attorney's fees and costs. Thus, the Court will not award any other damages until a proper evidentiary submission has been made.

## CONCLUSION

For the foregoing reasons, the Court DEFERS ruling on Plaintiff's Motion for Default Judgment until Plaintiff submits documentary evidence or detailed affidavits to support its claim for damages, or requests and demonstrates the necessity of a hearing to determine such damages, pursuant to the instructions of this Order and Opinion.  Plaintiff is ordered to submit such evidence or a request by July 8, 2013.  Should Plaintiff fail to do so, the Court will direct judgment to be entered against Defendant in the amount of Plaintiff's costs and attorney's fees only.  IT IS SO ORDERED.

Entered this 7th day of June, 2013.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge